| | | |
|---|---|---|
| BERTHA COLEMAN, SARAH COUSIN, TYRONE DOSS, STERLING DOUCETTE, DAVID GILYOT, JAMES ELLIS, DIANA HAYES, RODNEY LEMON, RICHARD LEON, DAVID NIXON, AUGUSTINE OGBUEFI, CHARLES WILLIAMS, YOLANDA DUPATY ZEIGLER, ET AL. | * * * * * * * * * * * * * | NO. 2023-CA-0233<br><br>COURT OF APPEAL<br><br>FOURTH CIRCUIT<br><br>STATE OF LOUISIANA |

**VERSUS**

**THE BOARD OF DIRECTORS OF EASTOVER PROPERTY OWNERS ASSOCIATION, EASTOVER NEIGHBORHOOD IMPROVEMENT AND SECURITY DISTRICT, THE GOLF CLUB OF NEW ORLEANS, LLC, DELTA MINING, INC., EASTOVER COMMERCIAL PROPERTIES, LLC, A/K/A EASTOVER COMMERCIAL PROPERTY, LLC, ET AL.**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-07707, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Karen K. Herman)

Shermin S. Khan
THE KHAN LAW FIRM
2714 Canal St., Suite 300
New Orleans, LA 70119


        COUNSEL FOR PLAINTIFF/APPELLANT

Colin D. Sherman
C.E. Sorey, II (Pro Hac Vice)
Brett E. Emmanuel
SHERMAN & LACEY, LLP
118 N. Royal Street, Suite 702
Mobile, AL 36602

      COUNSEL FOR DEFENDANT/APPELLEE, THE BOARD OF
      DIRECTORS OF EASTOVER PROPERTY OWNERS ASSOCIATION,
      INC.

Lance B. Williams
McCRANIE SISTRUNK ANZELMO HARDY MCDANIEL & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA 70433

      COUNSEL FOR DEFENDANTS/APPELLEES, EASTOVER
      EXCAVATORS, LLC, UTILITY CONSTRUCTORS, INC., AND
      BRIERFIELD INSURANCE COMPANY

**APPEAL DISMISSED**

**SEPTEMBER 21, 2023**

*DLD*
*PAB*
*KKH*

The plaintiffs, Tyrone Doss, Sterling Doucette, David Nixon, and Leon Richard, seek review of the district court's judgment granting an *ex parte* motion to dismiss on the grounds of abandonment in favor of the defendants, Eastover Excavators, LLC, Utility Constructors, Inc., Brierfield Insurance Company, and the Board of Directors of Eastover Property Owners Association, Inc. For the following reasons, we dismiss this appeal as untimely.

The events giving rise to this case involve the creation and excavation of a borrow pit on the Gator Golf Course at Eastover Country Club in New Orleans East, which had been refurbished after Hurricane Katrina. On August 8, 2014, the plaintiffs filed a petition for injunctive relief, and on then on March 30, 2015, they filed a "Superseding Petition for Injunctive Relief, For Conservatory Writ of Attachment, For Seizure of the Borrow Pit into Custodia Legis, For an Order that All Net Funds Generated From Pit Excavation be Deposited to the registry of the Court for the Assessment of Special Damages to Plaintiffs, for Judgment Against All Defendants Responsible Pursuant to Civil Code Articles 667, 2315, 2322, and

1

2324(A), and for Other Legal and Equitable Relief." Active litigation before the court continued up until August 12, 2019, when plaintiffs' counsel filed a motion to set trial/status conference, which was scheduled for September 5, 2019, but never took place. On May 18, 2020, plaintiffs' counsel sent a letter to his clients informing them of his termination of representation.

On September 16, 2022, the defendants filed an *ex parte* motion to dismiss on the basis of abandonment pursuant to La. C.C.P. art. 561[1] because no party had taken any "step" in the prosecution of this matter for over three years. The plaintiffs enrolled new counsel and filed an opposition to the motion on October 14, 2022. Rather than issuing an *ex parte* judgment as required by La. C.C.P. art. 561, the district court set the matter for hearing. At the hearing on November 17, 2022, the district court heard the arguments of counsel and allowed for the introduction of evidence. Following the November 17, 2022 hearing, the district court entered a judgment granting the defendants' *ex parte* motion to dismiss on the grounds of abandonment. The judgment was signed, and the notice of signing the judgment was mailed on November 17, 2022. On January 19, 2023, the plaintiffs filed a motion for devolutive appeal. The defendants filed a motion to dismiss the appeal as untimely on June 12, 2023.

---

[1] La. C.C.P. art. 561was amended by Act 5 (H.B. 230) of the 2023 Regular Session of the Louisiana Legislature, with an effective date of August 1, 2023. However, when the instant case was before the district court and this appeal was taken, the version of La. C.C.P. art. 561 amended by Act 361 (H.B. 966) of the 2007 Regular Legislative Session, with an effective date of July 9, 2007, was in effect. Accordingly, for purposes of this opinion, it will be the 2007 version of La. C.C.P. art. which is referenced in this opinion.

2

"An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding[.]" La. C.C.P. art. 561(A)(1). "This provision shall be operative without formal order, but, on ex parte motion . . . [and] the trial court shall enter a formal order of dismissal as of the date of its abandonment." La. C.C.P. art. 561(A)(3). "A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal." La. C.C.P. art. 561(A)(4). "An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial [of a motion to set aside a dismissal] may be taken only within sixty days of the date of the clerk's mailing of the order of denial." La. C.C.P. art. 561(A)(5).

The dismissal of a case as abandoned is a final, appealable judgment. *See Yates v. Bailey*, 34,274 (La. App. 2 Cir. 12/6/00), 774 So.2d 1103. As described above, an appeal of an order of dismissal may only be taken within sixty days of the date of the clerk's mailing of the order of denial of a motion to set aside or within sixty days of the date of the sheriff's service of the order of dismissal. *See* La. C.C.P. art. 561.

In the instant case, the defendants filed an *ex parte* motion to dismiss on the grounds of abandonment pursuant to La. C.C.P. art. 561 in order to reflect what occurred on August 12, 2022 (the last date on which a step in the prosecution or defense of the case took place) by operation of law. Thereupon, the district court

should have issued an order of dismissal on that date. *See* La. C.C.P. art. 561(A)(3). However, due to outstanding fees owed by the plaintiffs, the judgment of dismissal was not signed by the district court. The plaintiffs filed an "Opposition to the Motion to Dismiss" and attached exhibits to the motion. The district court apparently treated the opposition as a motion to set aside under La. C.C.P. art. 561(A)(4) and a contradictory hearing was held on November 17, 2022, where the plaintiffs submitted evidence as to why they believed the order of dismissal should not be granted. Following the hearing, the district court took the matter under advisement, and then agreed with the defendants' position that the matter was abandoned as a matter of law. The district court also mailed the notice of judgment and written reasons on November 17, 2022. The plaintiffs did not file their notice of appeal until January 19, 2023.

As discussed above, a plaintiff only has sixty days to appeal "an order of dismissal" after "service." Likewise, a plaintiff only has sixty days to appeal the denial of a "motion to set aside a dismissal" from the date of "mailing." Considering that the district court treated the plaintiffs' opposition as a motion to set aside, pursuant to the clear language of La. C.C.P. art. 561(A)(5), the plaintiffs had sixty days from November 17, 2022 in which to take their appeal. Under normal circumstances, January 16, 2023 would have been the sixtieth day, but because Martin Luther King, Jr. Day, a legal holiday, fell on that date, the plaintiffs had until January 17, 2023 to file their notice of appeal. This did not happen. The

plaintiffs waited until January 19, 2023 to file their notice of appeal.  Accordingly, the plaintiffs' appeal is untimely.

For the foregoing reasons, the defendants' motion to dismiss appeal is **GRANTED** and this appeal is **DISMISSED.**

**APPEAL DISMISSED**
